**MARTIN & FERRIER, P.C.**
**ATTORNEYS AT LAW**
Robert M. Ferrier, Esq.
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
Telephone: (520) 628-8900
Pima County Computer No.
State Bar No. 023202
Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

KEVIN & SHAWN ROLLE, husband & wife,

Plaintiffs,

vs.

LAW OFFICE OF SAMUEL STREETER, PLLC; COLLECT AMERICA, LLC; BANK ONE n/k/a CHASE MANHATTAN BANK; JANE DOES 1-99; JOHN DOES 1-99, BUSINESS ENTITIES 1-99,

Defendants.

NO. CV08-274-TUC-CKJ

AMENDED COMPLAINT

(Tort non-vehicle)

Jury Trial Requested

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs Kevin and Shawn Rolle hereby amend their complaint, by and through counsel undersigned, as to Defendants Chase :

## PARTIES & JURISDICTION

1. Kevin Rolle is a married man, and at all times relevant to this action, was domiciled in Pima County Arizona.

2. Shawn Rolle is a married woman, and at all times relevant to this action was domiciled in Pima County Arizona.

3. The Law Office of Samuel Streeter, PLLC is, upon information and belief, a Texas Private Limited Liability Company, doing business in the State of Arizona and Pima County as a collection agent.

4. Bank One was a foreign banking institution licensed to do business in the State of Arizona.

5. Chase Bank is a foreign bank and the successor in interest to Bank One.

6. Jane Does 1-99 and John Does 1-99 are aliases used to identify individuals who may or may not bear liability for the acts delineated for this Complaint. When and if discovery and disclosure reveal the true identities of these parties, Plaintiffs reserve the right to amend this Complaint to conform with that evidence.

7. Collect America is a foreign business entity.

8. Business Entities 1-99 are aliases used to identify entities which may or may not bear liability for the acts delineated in this Complaint. When and if discovery and disclosure reveal the true identities of these parties, Plaintiffs reserve the right to amend this Complaint to conform with that evidence.

9. All named Defendants have transacted business within this State and County and have caused the acts to occur which are the basis of this Complaint. Jurisdiction is proper in this Court.

10. Venue is proper in this Court.

FACTUAL BASIS

11. Kevin Rolle is a Technical Sergeant in the United States Air Force.

12. Before his marriage to Shawn Rolle, Kevin Rolle applied for and acquired a credit card from Bank One, n/k/a Chase Manhattan Bank.

13. Mr. Rolle maintained that credit card for several years. At times he carried a substantial balance. At times, the balance on the card was reduced to zero.

14. In June of 2004, Mr. Rolle was deployed outside this nation.

15. In that month, Mrs. Rolle contacted Bank One regarding payment on the account. When



**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

informed that Sgt. Rolle had been deployed overseas, Bank One informed Mrs. Rolle that the account was eligible for accommodation under the Servicemembers' Civil Relief Act of 2003 (the "SCRA").

16. Bank One asked for that Sgt. Rolle had been deployed outside outside of the country.

17. Mrs. Rolle provided Bank One with a copy of Sgt. Rolle's Deployment Order.

18. Bank One stated that the Order was not an Executive Order. Mrs. Rolle disputed that fact, but Bank One stated that the Executive Order would not be necessary as long as Mrs. Rolle obtained the original enlistment order.

19. Bank One then stated to Mrs. Rolle that Sgt. Rolle was eligible for relief under that SCRA and stated that, pursuant to the Act, the interest rate on his credit card would be reduced to six (6) percent and that his payments would be lowered accordingly.

20. Contrary to Bank One's assertions, the Rolles continued to receive statements from Bank One recording that the interest rate on the account remained the same. Additionally, the account continued to accrue penalties.

21. Mrs. Rolle called continually to inform Bank One of it error. Each time Bank One insisted it was aware of the problem, that Sgt. Rolle was entitled to relief, and that reolving the issue was simply a matter of internal policy.

22. Sgt. Rolle managed to contact Bank One from a satellite phone in Uzbekistan. Bank One promised Sgt. Rolle that he was eligible for relief under the SCRA, and further stated that it had instructed Mrs. Rolle to make no further payment on the account until the issues were resolved.

23. June 27, 2004, Mrs. Rolle again contacted Bank One regarding the account. Bank One



**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

informed the Rolles that it had not yet reached a decision regarding the disposition of the matter.

24. On June 29, 2004, Mrs. Rolle received a letter from Bank One informing her that her husband was not entitled to relief under the SCRA.

25. Mrs. Rolle immediately contacted representatives of Bank One. Each time, each representative told her that Sgt. Rolle was eligible for relief under the SCRA and that she simply needed to send Bank One additional paperwork.

26. All the documents requested by Bank One were forwarded to it.

27. On July 13, 2004, Mrs. Rolle received a letter from Bank One informing her that Sgt. Rolle was not eligible for the SCRA because the balance of the account originated in 1995 and that he enlisted in 1994.

28. Mrs. Rolle challenged the relevance of this information to the issue regarding the SCRA and Bank One admitted its error and again assured Mrs. Rolle that Sgt. Rolle was entitled to relief under the SCRA.

29. Bank One also asserted that Sgt. Rolle had not actually been deployed to Uzbekistan and attempted to use that as an excuse to deny relief under the SCRA. Later, Bank One admitted that this too was a substantial error.

30. During this time, payments made to Bank One were sporadic because of the burdens placed on Mrs. Rolle by Sgt. Rolle's absence and Bank One's insistence on a punitive interest rate and the accrual of various and sundry fees. Additionally, Mrs. Rolle continually relied on Bank One's instructions not to make any payments on the account until the loan was re-amortized according to the dictates of the SCRA.



**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

31. Later that month, the Rolles were in the process of closing on a new residence.

32. The Friday prior to settlement, the Rolles' mortgage lender informed them that their account with Chase Bank had been listed as thirty days late and that therefore, they were ineligible for their original loan.

33. Mrs. Rolle and the mortgage company engaged in a conference call with Bank One which admitted its mistake but that it could not rectify the problem earlier than thirty days hence because of the "paperwork" involved.

34. The mortgage company offered either to significantly change the terms of the loan offered to the Rolles, or to cancel the settlement completely. The Rolles opted for the latter option.

35. Without notice to the Rolles, Bank One then demanded in excess of $3,000.00 from the Rolles simply not to put the account into chargeoff.

36. The Rolles attempted to continue making payments, but did not have the large lump sum demanded by Bank One.

37. Without further notice, and while the parties were still trying to resolve the SCRA issues, Bank One placed the account in collections, accelerated the debt and transferred the debt to an outside law firm.

38. In January of 2005, the Rolles were contacted by the law firm of Valentine & Karbaratas. That firm offered to settle the "debt" owed to Bank One for $15,000.00.

39. Instead of accepting that offer, Mrs. Rolle contacted Consumer Credit Counseling Services ("CCCS"). That entity informed the Rolles that Bank One might take the account out of charge off if the Rolles started a payment plan with it and that any money received would be



**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

forwarded to Bank One.

40. The Rolles agreed to this and diligently made payments of $503.00 per month.

41. In July of 2005, the Rolles received a letter from Chase Manhattan Bank ("Chase"), informing them that they had been removed from their debt management program for nonpayment.

42. Mrs. Rolle called Chase which informed her that had not received payment. Mrs. Rolle contacted CCCS which contacted Chase. Due to a mixup during the merger of chase and Bank One, some payments had not been forwarded. That problem was rectified.

43. During this period, the Rolles continued to work directly with Chase.

44. In September of 2005, Mrs. Rolle finished her Associate's Degree and returned to the workforce. Due to her return to work, the Rolle's required a second vehicle.

45. Sgt. Rolle called Chase, explained the situation, and asked for a brief respite from payment on the account. Chase assured the Rolles that the requested accommodation had been made.

46. Chase and the Rolles agreed that the Rolle's payments would begin again in January of 2006 at the rate of $1,000.00 per month until the debt was retired.

47. On December 13, 2005, Chase sold the Rolles' debt to Collect America.

48. Collect America transferred the debt to the Law Office of Sam Streeter for collection purposes.

49. On January 5, 2006, Mrs. Rolle received a telephone call from the Law Office of Samuel Streeter ("Streeter"), informing her that the debt had been turned over to it for collection.



**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

Streeter stated that the debt could be settled for $13,310.00 if the Rolles could make a down payment of five or six thousand dollars and pay the rest of in monthly installments.

50. Upon information and belief, the Law Office of Sam Streeter is a sub-entity, franchisee or otherwise related to Collect America.

51. Collect America is therefore vicariously liable for the actions of the Law Office of Sam Streeter.

52. Streeter alleged that the matter would go to suit if Mrs. Rolle did not accept this settlement.

53. Sgt. Rolle's debt was acquired prior to marriage and therefore was his sole and separate property.

54. Therefore, Mrs. Rolle bore absolutely no responsibility for this debt.

55. Therefore, contacting her regarding its disposition was improper and illegal.

56. Nonetheless, in order to acquire the funds necessary to meet the terms offered by Streeter, Mrs. Rolle contacted her ex-husband regarding a personal loan.

57. Mrs. Rolle's ex-husband agreed to an advancement of one year's child support, or $8,800.00 in exchange for Mrs. Rolle forgoing all future child support payments. Mrs. Rolle agreed.

58. The next day, Mrs. Rolle contacted Streeter to inform them of her arrangement with her ex-husband.

59. Mrs. Rolle informed Streeter that she was not sure when the money from her ex-husband would be deposited and asked for a short continuance of the matter.



**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

60. Streeter informed her that the attorney in charge of the file had "noted" it, and that unless a down payment was received that day, that suit would be filed the following week.

61. In a panic, Mrs. Rolle contacted her ex-husband who assured her that the money would be in her account by noon the following Saturday.

62. Mrs. Rolle again contacted Streeter and informed them of this. Streeter then asked for a post-dated check.

63. When Mrs. Rolle refused, Streeter informed her that the lawyer in charge of the file would file suit and then call Sgt. Rolle's base commander and in turn the base commander would not allow Sgt. Rolle to re-enlist. Streeter then informed Mrs. Rolle hat such an action would ruin Sgt. Rolle's career and that he would be ineligible for re-enlistment in the Air Force.

64. Sgt. Rolle was again deployed during the time frame of these discussions and was unable to discuss the situation with Mrs. Rolle.

65. Terrified, Mrs. Rolle agreed to give Streeter a postdated check.

66. At this point, Mrs. Rolle preliminarily investigated the matter online and became aware of the Fair Credit Reporting Act ("FCRA").

67. Mrs. Rolle called Streeter regarding the FCRA and her suspicion that Streeter stood in violation of several of its terms.

68. During the conversation, Mrs. Rolle mentioned the possibility of retaining a lawyer and contacting the Arizona Attorney General's Office.

69. Streeter then threatened to take the settlement offer off of the table unless Mrs. Rolle agreed not to contact a private attorney or the Arizona Attorney General's Office.



**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

70. In late January of 2006, the Rolles contacted a private attorney who informed them that Streeter's and Chase's actions were likely in violation of several applicable state and federal statutes and advised the Rolles to forgo further payment to either.

71. In late 2006, Sgt. Rolle was again scheduled to be deployed overseas pursuant to his employment with the Air Force.

72. Sgt. Rolle, based on the ongoing discussions between the parties and his own monitoring of his credit reports, assumed that his credit file was in order and that he was eligible for deployment.

73. To Sgt. Rolle's surprise and considerable chagrin, the Air Force notified that it was suspending his security clearance because of the unresolved debt with Chase.

74. Sgt. Rolle was unable to perform the duties required of his position before his deployment.

75. Sgt. Rolle suffered immense embarrassment and humiliation as a result of this suspension.

76. Additionally, although his clearance was granted, Sgt. Rolle now faces random reevaluation of his qualification for his clearance and the potential for being prematurely discharged from the Air Force. Additionally, Sgt. Rolle's clearance has been permanently annotated with this issue.

77. Additionally, although the debt had once been removed from the Rolles' credit reports, it has since reappeared within the last year, and Chase has, once again, began making demand for payment upon the Rolles.



**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

78. Chase never informed the Rolles that they were again being billed for this account.

79. Luckily, Mrs. Rolle has a separate account with Chase through Southwest Airlines. The agents responsible for that account began calling the Rolles and demanding payment on the previous "overdue" account.

80. Chase noted on its new statements regarding the account that a $3,000.00 amount had been removed from the account as an "SCRA Refund."

81. Chase is the successor in interest to Bank One and as such is legally responsible for its illegal and tortious actions.

82. Chase is legally responsible for the wrongful acts of its duly authorized agents, including Collect America and Streeter.

83. Streeter, Collect America and Chase are legally responsible for the actions of their employees performed in the course and scope of their employment.

84. The wrongful acts by Defendants, their agents and employees were spiteful, motivated by avarice and greed and the product of an evil hand.

COUNT ONE-VIOLATIONS OF FCRA, FACTA & FDCP

85. Plaintiffs hereby reallege the allegations of the previous Paragraphs of this Complaint as though fully set forth within.

86. Defendants have repeatedly violated the terms of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act and the Fair and Accurate Credit Transaction Act. Those actions by Defendants are illegal and tortious.

87. As a result of those illegal and tortious acts of Defendants, Plaintiffs have suffered



**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

damages.

COUNT TWO-VIOLATIONS OF ARIZONA STATE CREDITOR LAW-STREETER

88. Plaintiffs hereby reallege the allegations of the previous Paragraphs of this Complaint as though fully set forth within.

89. A.R.S. § 32-1051(3) states that collection agencies licensed in this State are under a duty to act fairly and honestly with debtors.

90. The tortious and illegal acts committed by Streeter are in violation of that duty.

91. As a direct and proximate result of those acts, the PlAintiffs have suffered damage.

COUNT THREE-VIOLATIONS OF ARIZONA STATE CREDITOR LAW-CHASE

93. Plaintiffs hereby reallege the allegations of the previous Paragraphs of this Complaint as though fully set forth within.

94. Although Chase is not a collections agency operating in the State of Arizona, Chase is still bound to abide by the terms of A.R.S. § 32-1051 that states, inter alia, that Chase is under a duty to act fairly and honestly with debtors.

95. Chase's actions are also a violation of the terms of A.R.S. § 32-1055. Chase is also bound to abide by its terms even though it is not a collection agency.

94. Chase violated the terms of both of these statutes.

95. As a result of those violations, the Rolles have suffered damages.

COUNT FOUR-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96. Plaintiffs hereby reallege the allegations of the previous Paragraphs of this Complaint as though fully set forth within.



**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

97. The acts committed by Streeter and Chase were tortious, illegal and intentional and designed to cause the Plaintiffs severe emotional distress.

98. Those actions were outrageous and not to be tolerated in a civil society.

99. As a direct and proximate result of those acts, the Plaintiffs have suffered damage.

COUNT FIVE-EXTORTION

100. Plaintiffs hereby reallege the allegations of the previous Paragraphs of this Complaint as though fully set forth within.

101. Streeter is at base, a law office.

102. As such, the attorneys at Streeter certainly knew that Mrs. Rolle was not legally responsible for the debts acquired by her husband before their marriage.

103. Despite that fact, Streeter threatened Mrs. Rolle with the ruin of her credit and her husband's career if she did not provide them a large sum of money.

104. Additionally, Streeter threatened to garnish both Mrs. and Sgt. Rolles' wages.

105. A.R.S. § 13-1804(6) states that seeking to obtain property through threatening to expose a secret, whether true or false that would damage a person's credit qualifies as the crime of extortion, a Class 4 felony.

106. The above-referenced actions by Streeter constitute the crime of extortion.

107. Plaintiffs have suffered damage as the result of Streeter's illegal actions.

COUNT SIX-BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

108. Plaintiffs hereby reallege the allegations of the previous Paragraphs of this Complaint as though fully set forth within.



**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

109. The account that is at issue in this case represents a contract between Chase and Sgt. Rolle.

110. Every contract contains the covenant of good faith and fair dealing.

111. The illegal and tortious acts committed by Chase, its employees, its agents and their employees, are breaches of the covenant of good faith and fair dealing.

112. As a direct result of those breaches, the Plaintiffs have been damaged.

COUNT SEVEN-NEGLIGENT SUPERVISION-ALL DEFENDANTS

113. Plaintiffs hereby reallege the allegations of the previous Paragraphs of this Complaint as though fully set forth within.

114. Defendants had a duty to supervise their employees to ensure that in the course and scope of their employment, those employees did not commit torts and illegal acts against Plaintiffs and similarly situated parties.

115. During the course and scope of their employment with Defendants, employees of the Defendants committed torts and illegal acts against the Plaintiffs.

116. As a result of those actions, Plaintiffs have suffered damage.

117. Defendant Chase had a duty to ensure that its duly appointed agents, like Streeter, did not commit intentional torts and perform illegal acts during the scope of its agency.

118. Chase's agents committed torts and illegal acts that directly damaged the Plaintiffs.

119. Defendant Chase is responsible for those actions of its agents.

COUNT EIGHT-NEGLIGENT SUPERVISION-COLLECT AMERICA

120. The Plaintiffs reallege the allegations of the previous paragraphs and though fully set


**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

forth within.

121. Collect America had a duty to ensure that its franchisees, agents or otherwise related business entities like the Law Office of Sam Streeter did not commit crimes or intentional torts in the course of its actions taken in the furtherance of Collect America's business.

122. As a result of Collect America's negligence, the Rolles' have been damaged.

WHEREFORE, Plaintiffs pray for the following relief:

1. Damages in an amount sufficient to compensate Plaintiffs for the damage done to their credit and professional reputations;
2. Damages in an amount sufficient to compensate Plaintiffs for the emotional trauma they have suffered as a result of Defendants' actions;
3. Damages in an amount sufficient to compensate Plaintiffs for the civil penalties demanded by the federal statutes the Defendants have violated;
4. Punitive damages in an amount sufficient to deter Defendants from similar future conduct;
5. Reimbursement for Plaintiffs' costs and attorneys' fees;
6. For such other and further relief as this Court deems just and proper.

S// Robert Ferrier
ROBERT M. FERRIER
MARTIN & FERRIER, P.C.
Attorney for Plaintiffs



**MARTIN & FERRIER, P.C.**
**Attorneys at Law**
177 N. Church Avenue, Suite 200
Tucson, Arizona 85701
(520) 628-8900

**CERTIFICATE OF SERVICE**

I certify that on this 9th day of May, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following registrant via email:

John Hinderaker, Esq.
Colleen E. Whealdon-Haught, Esq.
Lewis & Roca, L.L.P.
One S. Church Ave., Suite 700
Tucson AZ, 85701
JHinderaker@LRLaw.com
Cwhealdonhaught@LRLaw.com
Attorneys for Defendant Chase Bank

Claudio E. Iannitelli, Esq.
Buzzi L. Shindler, Esq.
Roman A. Kostenko, Esq.
Cheifetz Iannitelli Marcolini, P.C.
1850 N. Central Ave., 19th Floor
Phoenix, AZ 85004-0001
cei@cimlaw.com
bls@cimlaw.com
rak@cimlaw.com
Attorneys for Defendant Collect America

Sam Streeter, Esq.
Law Office of Sam Streeter, PLLC
3030 S. Gessner, Suite 200
Houston, TX 77063
Iamlsusam@aol.com
Attorney for Defendant Law Offices of Samuel Streeter, PLLC